UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAZARUS CLYBURN-DAWSON ,

        Petitioner,

   v.                                        Case # 20-CV-6544
                                                           ORDER

SUPERINTENDENT, ATTICA**,**

        Respondent.

---

*Pro se* Petitioner, Lazarus Clyburn-Dawson, a prisoner confined at the Attica Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in New York State Supreme Court, Monroe County, State of New York, on January 29, 2008, was unconstitutionally obtained, as set forth more precisely in the Petition. Docket Item 1. Petitioner has paid the filing fee.

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It appears to the Court that this Petition should be barred under 28 U.S.C. § 2244(d)(1). Specifically, it appears that more than a year has passed since the date on which the judgment of conviction became final, and that even taking into account the effect of the tolling period provided by the filing of Petitioner's collateral attack as set forth in the Petition, Docket Item 1, ¶ 15, the Petition is untimely.

Petitioner's conviction was affirmed by the Appellate Division, Fourth Department on May 1, 2015, *People v. Clyburn-Dawson*, 128 A.D. 3d 1350 (N.Y. App. Div. 2015), and on September 13, 2015, his application for leave to appeal to the New York Court of Appeals was denied, *id.*, 26 N.Y. 3d 966 (2015). *See also* ECF No. 1, at ¶¶ 9-11.

Accordingly, for purposes of 28 U.S.C. § 2244(d)(1)(A), the date on which the conviction became final was December 15, 2015—in other words, 90 days after the date the Court of Appeals denied the application for leave to appeal. *See, e.g.*, *Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir.2005); *Williams v. Artuz*, 237 F.3d 147 (2001). Petitioner did not file this Petition until on or about July 17, 2020—five years after the conviction became final for purposes of § 2244(d)(1)(A).

While Petitioner did file a state court application for a writ of error *coram nobis*, this filing did not serve to toll the statute of limitations, *see* 28 U.S.C. § 2244(d)(2), because it was not filed until October 17, 2018, ECF No. 1, at ¶ 15; *People v. Clyburn-Dawson*, 169 A.D.3d 1460 (N.Y. App. Div. Feb. 1, 2019), *lv. to appeal denied* 33 N.Y.3d 975 (Apr. 19, 2019), almost two years after the statute of limitations expired on December 15, 2016. The filing of a state court motion for post-conviction collateral relief filed *after* the statute of limitations already has expired does

not toll the statute of limitations. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (per curiam) (AEDPA's tolling provision does not reset date from which the one-year limitations periods begins to run); *see also Youngblood v. Greiner*, No. 00 CIV. 7984, 2003 WL 145546, at *2, n. 3 (S.D.N.Y. Jan.21, 2003) ( "*Smith v. McGinnis* . . . made clear that the limitations period does not begin anew after collateral relief is pursued").

Accordingly, the instant Petition, therefore, is untimely.[1]  Before the Court can dismiss the Petition as untimely, however, it must first provide Petitioner notice and opportunity to be heard on the statute of limitations issue.  See *Acosta v. Artuz,* 221 F.3d 117, 125 (2d Cir. 2000).

Petitioner is directed to complete the attached § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)" and return it to the Clerk of Court by **September 18, 2020**.  Petitioner should be sure to include in the Response specific and detailed information addressing the Court's concerns.  Petitioner should be sure to include the specific date when each collateral attack, if any, was filed and when each was finally determined, including the filing and determination dates of any appeals of the collateral attack.  Petitioner should also provide the Court with any other information which may be relevant

---

[1] The Petitioner, presumably understanding that his Petition is untimely, filed a Section 2254 Timeliness Response Form, ECF No. 2, which is a court form provided to habeas petitioners after they have filed a petition that appears untimely on its face.  Petitioner states that he was not informed of the Court of Appeals' denial of his request for leave to appeal from the denial of his application for a writ of error *coram nobis* when it was denied on April 19, 2019. *People v. Clyburn-Dawson*, 33 N.Y.3d at 975. He did not receive a copy of the Order until on or about June 1, 2020, after he inquired about it on May 10, 2020. ECF No. 2 at p. 8.  Petitioner therefore requests the Court grant him an extension of time to file his Petition.  ECF No. 2.  Whether or not Petitioner received the Court of Appeal's Order denying him leave to appeal from the denial of his writ of error *coram nobis* is not relevant because, as noted above, the application was not filed until after the statute of limitations already had expired.

Further, based on the information provided in the Section 2254 Timeliness Response Form, ECF No. 2, and the Petition, ECF No. 1, there is no basis to equitably toll the statute of limitations.  *See Smith*, 208 F.3d at 17 (The petitioner must establish that (a) "extraordinary circumstances" prevented him from filing a timely petition, and (b) he acted with "reasonable diligence" during the period for which he now seeks tolling.)  As outlined below, however, Petitioner will be provided the opportunity to establish that his Petition was timely filed or that he is entitled to equitably tolling of the statute of limitations.

to the Court's determination of the statute of limitations issue, including whether there are grounds to equitably toll the statute of limitations.  *See Smith*, 208 F.3d at 17.

**Failure to return the properly completed form to the Court by September 18, 2020 will result in the automatic dismissal of the Petition**.

IT HEREBY IS ORDERED that Petitioner is directed to file the Response to this order **by September 18, 2020**; and

FURTHER, that if the Petitioner's § 2254 Timeliness Response Form is not filed by **September 18, 2020**, the Clerk of the Court is directed to dismiss the Petition as untimely pursuant to 28 U.S.C. § 2244(b)(1) without further notice.

IT IS SO ORDERED.

Dated: August 18, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court